**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jonathan Taylor,

Plaintiff,

v.

Tiffany Josephs, et al.,

Defendants.

Case No. 2:23-cv-01459-RFB-BNW

**ORDER**

**and**

**REPORT and RECOMMENDATION**

Pro se plaintiff Jonathan Taylor initiated this lawsuit by filing an application to proceed *in forma pauperis* and a complaint. ECF No. 3. Plaintiff's request to proceed in forma pauperis was granted on November 30, 2023, by an Order and Report and Recommendation from this Court, but his complaint was dismissed with leave to amend. Plaintiff submitted an amended complaint on May 3, 2024 (ECF No. 15), which the Court now screens as required by 28 U.S.C. § 1915A(a).

## I. ANALYSIS

### A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff's amended complaint is only materially different from his original complaint in that one of the defendants listed in the original complaint has been dropped. The facts relevant to Plaintiff's access to the court claim remain essentially the same: that Tiffany Josephs, Court Clerk, returned legal motions to Plaintiff unfiled, and that Josephs also sent these motions to Plaintiff's alternate public defender; that Josephs did not file a letter Plaintiff prepared for the judge and instead sent it to his alternate public defender; and lastly, that Josephs failed to forward Plaintiff's notice of appeal to the Nevada Supreme Court. Though these allegations are—or may prove to be—relevant to his claim, they do not clarify the information this Court needs.

Per this Court's prior Order and Report and Recommendation, Plaintiff was instructed to restate their allegations against Defendant Josephs "and explain whether Plaintiff is still trying to file the appeal or whether he has been precluded from doing so and is now barred." ECF No. 4. This request highlights the important information lacking in the original complaint, which is whether Plaintiff is asserting an access to the court claim that is forward-looking (meaning Plaintiff is currently seeking to file the appeal and has so far been prevented from doing so) or

backward-looking (meaning Plaintiff has been prevented from filing an appeal and can no longer do so at all) in nature. This question is crucial because it determines in what capacity Plaintiff may bring a lawsuit against Josephs. If Plaintiff is asserting a backward-looking claim, then he would be entitled to sue Josephs in her personal capacity only. *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985). If Plaintiff is asserting a forward-looking claim, then he can sue Josephs in her official capacity. This distinction must be made before Plaintiff's suit may proceed. However, this crucial question is still left unanswered by Defendant's amended complaint. Thus, should Plaintiff choose to amend his complaint, he must state whether he is still trying to file the appeal or whether he has been precluded from doing so (and is now barred).

The Court next turns to the remaining defendants. Wright Noel is the alternate public defender at Churchill County. Plaintiff alleges that Noel filed motions attempting to have the courts find Plaintiff incompetent and, as a result, violated attorney-client privilege and prevented Plaintiff from retaining private counsel. "[T]he public defender is obligated to serve the undivided interest of his client." *Glover v. Tower*, 700 F.2d 556, 599 (9th Cir. 1983) (internal citation omitted), *cert. granted*, 467 U.S. 914 (1984) (affirming and remanding judgment). As such, public defenders are not state actors capable of being sued under 42 U.S.C § 1983. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that the public defender was not a state actor subject to suit under Section 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county."). Therefore, Plaintiff's claims against Noel fail because of Noel's immunity as a public defender.-As a result, the Court recommends that this claim be dismissed with prejudice.

Next is Defendant Judge Estes[1]. Plaintiff alleges that the judge denied his motion on procedural grounds (rather than on the merits of the motion). Judges are absolutely immune from actions they undertake "within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d

---

[1] While he names Judge Roberts in the body of the amended complaint, Judge Estes is named a defendant on Page 2. The conclusion here does not differ based on which judge undertook the alleges actions.

1202, 1204 (9th Cir. 1988). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Only if a judge acts in the "clear absence of all jurisdiction," *Bradley*, 80 U.S. at 351, or if they perform a wholly nonjudicial act, may a judge be exempt from absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Neither is the case here. As a result, the Court recommends that this claim be dismissed with prejudice.

This Court will allow Plaintiff to amend his amended complaint so that he can specify whether he is asserting forward-looking or backward-looking claim as to Defendant Josephs, which in turn will allow this Court to determine in which capacity Josephs can be sued (that is, as a private citizen or in her official capacity). Until the Court has information which enables it to make this determination, Plaintiff's suit will not proceed.

If Plaintiff chooses to file an amended complaint again, the document must be titled "Amended Complaint." The amended complaint must simply restate the prior allegations against Josephs ***and*** explain whether Plaintiff is still trying to file the appeal or whether he has been precluded from doing so and is now barred.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) and the first amended complaint (ECF No. 15) no longer serve any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the complaint is dismissed with leave to amend.

**IT IS FURTHER RECOMMENDED** that Defendants Wright Noel and Robert Estes be dismissed with prejudice as these Defendants are immune from suit.

**IF IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by December 9, 2024.

**IT IS FURTHER ORDERED** that the Clerk of Court is to mail a copy of the non-prisoner, pro se form complaint for civil rights violations to the Plaintiff.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 8, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE